## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---
DOMKOG MO, AS ADMINISTRATOR
OF THE ESTATE OF LUETH MO

        Plaintiff,

  vs.

ONONDAGA COUNTY,
ONONDAGA COUNTY SHERIFF'S
OFFICE, SHERIFF TOBIAS SHELLEY, *in
his individual capacity*, DEPUTY SHERIFF
JOHN ROSELLO, *in his individual capacity*,
AND DOE OFFICERS 1-10,

        Defendants.

---

**Civil Action No.:**  5:23-cv-01602 (TJM/ATB)

**COMPLAINT FOR DAMAGES**

**A. FEDERAL CLAIMS**
1. **VIOLATION OF CIVIL RIGHTS EXCESSIVE FORCE (42 U.S.C. § 1983);**
2. **MONELL CLAIM AGAINST ONONDAGA COUNTY (42 U.S.C. § 1983);**
3. **NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION (42 U.S.C. § 1986)**
4. **ASSAULT AND BATTERY (42 U.S.C. § 1983)**

**B. STATE CLAIMS**
5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
6. **NEGLIGENT TRAINING, DISCIPLINE, RETENTION AND SUPERVISION;**
7. **ASSAULT;**
8. **BATTERY;**
9. **WRONGFUL DEATH;**
10. **PUNITIVE DAMAGES AGAINST DEPUTY SHERIFF JOHN ROSELLO AND DOE POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITY;**
11. **RESPONDEAT SUPERIOR LIABILITY OF ONONDAGA COUNTY;**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. PLAINTIFF, DOMKOG MO, as administrator of the ESTATE of LUETH MO, brings this

action to vindicate his deceased minor child's statutorily and constitutionally protected civil

rights. The action is based on DEFENDANT ONONDAGA COUNTY SHERIFF'S OFFICE and individual Deputy Sheriff JOHN ROSELLO's application of excessive force that caused the death of Plaintiff's minor child, Leuth Mo.

2.   PLAINTIFF DOMKOG MO as administrator for the ESTATE of his deceased minor child LUETH MO, by their attorney, JESSE P. RYDER, ESQ., allege damages and civil rights violations as reflected by the following facts, as both factual and upon information and belief.

## II. PARTIES

3.   PLAINTIFF, DOMKOG MO, as administrator of the ESTATE of LUETH MO, is a resident of Syracuse, Onondaga County, and State of New York.

4.   LUETH MO, at the time of his death was a citizen of the United States and a resident of Syracuse, Onondaga County, and State of New York.

5.   Defendant TOBIAS SHELLEY is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as its Sheriff.

6.   Defendant JOHN ROSELLO is a "Person" employed by Defendant ONONDAGA COUNTY SHERIFF'S OFFICE as a Sheriff's Deputy.

7.   Defendant ONONDAGA COUNTY SHERIFF'S OFFICE is a division of ONONDAGA COUNTY, a governmental organization of the State of New York.

8.   Defendant ONONDAGA COUNTY is a governmental organization of the State of New York.

## III. DOE DEFENDANTS

9.   PLAINTIFF does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT DOE OFFICERS 1 through 10 inclusive, and

therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend their complaint to allege their true names and capacities when this has been ascertained.

## IV. RESPONDEAT SUPERIOR

10. PLAINTIFF, DOMKOG MO, as administrator of the ESTATE of LUETH MO, claim that ONONDAGA COUNTY is liable under the theory of respondeat superior for DEFENDANTS' JOHN ROSELLO and DOE OFFICERS' excessive force, assault, battery and wrongful death of decedent, Lueth Mo, and thereby liability attaches to PLAINTIFF DOMKOG MO, as administrator of the ESTATE of LUETH MO, for Plaintiff's federal constitutional rights and violations of state law. Municipalities may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. See *Williams v. Village of White Plains,* 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010). Therefore, the respondeat superior claim against ONONDAGA COUNTY regarding DEFENDANT JOHN ROSELLO and DOE OFFICERS is a valid claim, establishing liability against ONONDAGA COUNTY.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### *Notice of Claim (GML 50-E)*

11. PLAINTIFF has complied with all conditions precedent, including the filing of a Notice of Claim under General Municipal Law § 50-e, as a condition precedent to state law causes of action. Such notice of claim is inapplicable to PLAINTIFF's federal claims pursuant to 42. U.S.C. §1983. A notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law.

**COMPLAINT FOR DAMAGES**

*Estate of Lueth Mo*

12. On November 16, 2023, the Surrogate's Court of Onondaga County appointed DOMKOG
MO, who is the father of LUETH MO, as Administrator of the ESTATE OF LUETH MO,
thereby empowering him to bring this action.

## VI. JURISDICTION

13. This Court has jurisdiction over the following claims as such arise under 42  U.S.C. § 1983
and assert facts showing that DEFENDANTS, and each of them, acted willfully, deliberately
and pursuant to a policy, custom and practice, and with reckless disregard of PLAINTIFF,
DOMKOG  MO,  as  administrator  of  the  ESTATE  of  LUETH  MO's  established  federal
constitutional rights and state constitutional rights. Jurisdiction also lies pursuant to 28 U.S.C.
1367 for PLAINTIFF's supplemental state law claims.

## VII. VENUE

14. Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) because DEFENDANTS reside
in this district and PLAINTIFF resides in Syracuse, New York. Venue is also proper in this
district under 28 U.S.C § 1391 (b) (2) because the events, acts and omissions giving rise to
this claim occurred in this district.

## VIII. STATEMENT OF FACTS

15. The claims arise from the shooting death of Lueth Mo ("MO") by ONODAGA COUNTY
SHERRIFFS OFFICE Deputy JOHN ROSELLO  ("ROSELLO") on September 6, 2023.

16. In the early morning hours of September 6, 2023, ROSELLO responded to a call of suspicious
activity in DeWitt, New York. Upon arriving at the scene, ROSELLO immediately, and
without hesitation, directed his  patrol vehicle into the front of the vehicle that MO was a
passenger. Simultaneous, a second vehicle fled from the scene at a high rate of speed. The

**COMPLAINT FOR DAMAGES**

driver of the vehicle in which MO was a passenger panicked, and after backing away from ROSELLO's patrol car, proceeded to drive forward passing through a large space between ROSELLO and his patrol car. As the vehicle passed safely between ROSELLO and his patrol vehicle, ROSELLO made a conscious decision to begin firing his service weapon at the vehicle, striking both the front and passenger's side of the vehicle at a severe angle. Despite ROSELLO firing multiple rounds into the vehicle, the vehicle proceeded onward away from the scene. Thereafter, the abandoned vehicle was discovered in the City of Syracuse with MO in the back seat hemorrhaging and clinging to life, while another passenger, Dhal Apet, was deceased, having bled out on account of ROSELLO's multiple gun shots aimed at the vehicle. Unable to survive heroic measures to save his life, MO succumbed to ROSELLO's gunshot wound and died at Upstate University Hospital.  Upon information and belief, the driver of the vehicle that ROSELLO fired upon was able to escape, along with the individuals in the second vehicle that fled the scene.

17. Based upon the context and circumstances in which he encountered on September 6, 2023, ROSELLO's conscious decision to fire his service weapon at the fleeing vehicle was in direct violation of the Onondaga County Sheriff's Department Subject Management Policy. Specifically, Section V.A. 1. and 5. c., which state as follows:

A.  Parameters for use of deadly physical force:

1. Members are authorized to use deadly physical force only, to protect the member or others from what is reasonably believed to be a threat of death or serious physical injury. Members are authorized to use deadly physical force in accordance with Article 35 of the NYS Penal Law, Tennessee v. Garner and Sheriff's Office rules, regulations, policies and procedures as they pertain to the use of force.

5. Members shall adhere to the following restrictions when their weapon is exhibited:

**COMPLAINT FOR DAMAGES**

c. The decision to discharge a firearm at or from a moving vehicle shall be governed by V. A. 1. of this written directive and is prohibited if the discharge of the firearm presents an unreasonable risk to the member, other members of service or the public.

18. In an attempt to justify ROSELLO's decision to fire his service weapon into the passenger's side and back of the fleeing vehicle, SHERIFF TOBIAS SHELLEY ("SHELLEY"), in defending his deputy sheriff, said that ROSELLO was not able to get out of the fleeing vehicle's way because he was in a narrow space between his patrol vehicle and the workbench. SHELLEY rationalized ROSELLO's unsupported use of force stating,  "He had nowhere to flee to. This whole thing happens in seconds. He had no options."[1]

19. Despite surveillance video footage released by the New York State Attorney General's Office that expressly contradicted SHELLEY's public narrative of the circumstances that ROSELLO confronted on September 6, 2023, SHELLEY 'doubled down' in his support of his Deputy's decision to fire upon a fleeing vehicle that resulted in the tragic and untimely death of two young men as passengers.[2] SHELLEY's account of the events leading to the death of Lueth Mo and Dhal Apet are so contradicted by the evidence that SHELLEY has even drawn criticism from the most staunch supporters of the police in the Central New York community.[3]

## IX. DAMAGES

20. The damages incurred by PLAINTIFF DOMKOG MO, as administrator of the ESTATE of LUETH MO,  include, but are not limited to, sustaining and suffering a spectrum of physical, psychological, emotional injuries including conscious pain and suffering, imminent fear of death, wrongful death, nightmares, insomnia, anxiety, post-traumatic stress, mental and

---

[1] https://www.youtube.com/watch?v=q4Y-m2UkJSA
[2] https://vimeo.com/863339457/eadb520d19
[3] https://wsyr.iheart.com/content/2023-09-12-lonsberry-video-contradicts-sheriffs-account-of-slayings/

emotional distress, humiliation, fear, and discomfort, loss of enjoyment of life, inconvenience,
destruction of earning capacity, and other damages, injuries, and consequences that are
integrally related to the incidents alleged, all caused by the DEFENDANTS, and each of them.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
**Violation of Civil Rights**
**42 U.S.C. Sections 1983:**
**Use of Excessive Force**
**(Against All Defendants)**

21. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as
though fully set forth herein.

22. Federal Law 42 U.S.C. §1983 provides in pertinent part: "Every person who, under color of
any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District
of Columbia, subjects, or causes to be subjected, any citizen of the United States or other
person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress".

**Fourth Amendment Claim Excessive Force**

23. "The Fourth Amendment protects individuals from the government's use of excessive force
while detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006).
"When determining whether police officers have employed excessive force in the arrest
context, the Supreme Court has instructed that courts should examine whether the use of force
is objectively reasonable "in light of the facts and circumstances confronting them, without
regard to the officers' underlying intent or motivation." *Jones*, 465 F.3d at 61. Among the most
relevant facts and circumstances to ascertain "reasonableness" are (1) the severity of the crime

**COMPLAINT FOR DAMAGES**

allegedly committed; (2) the threat of danger to the officer and society; and (3) whether the suspect was resisting or attempting to evade arrest.

24. Factor 1 – the severity of the crime allegedly committed. The severity of the alleged crime, Unlawful fleeing a police officer or even vehicle theft, is non-violent and without threat of serious bodily injury.

25. Factor 2- The threat of danger to the officer and society. There was absolutely no threat to the police as MO was a passenger in a vehicle that was attempting to flee the control of ROSELLO who was able to easily anticipate the path of the vehicle and step out of the way as the vehicle passed between himself and his patrol car.

26. Factor 3 – whether the suspect was resisting or attempting to evade arrest. MO was a passenger in the vehicle being driven by a third party as the driver attempted to escape the scene. As a passenger, MO cannot be responsible for the actions of the driver of the vehicle.

27. Reasonableness is generally a question of fact. *See McKelvie v. Cooper*, 190 F.3d 58 (2d Cir. 1999). As described above, DEFENDANTS inflicted force upon MO that was objectively excessive and unreasonable. As MO's rights were otherwise encased, enshrined, and protected by the United States Constitution, DEFENDANTS engaged in unreasonable, excessive and illegal force by fatally shooting MO without cause.

28. DEFENDANTS and each of them, caused PLAINTIFF, DOMKOG MO, as administrator of the ESTATE of LUETH MO, as well as the decedent, to sustain and suffer a spectrum of physical, psychological, emotional injuries including but not limited to, conscious pain and suffering, imminent fear of death, wrongful death, nightmares, insomnia, anxiety, post-traumatic stress, mental and emotional distress, humiliation, fear, and discomfort, loss of enjoyment of life, inconvenience and protractive suffering, destruction of earning capacity,

punitive damages, exemplary damages, and any and all compensatory damages, both present and future, and other damages, injuries, and consequences that are found to be related to the incidents alleged, and any other damages permitted by law, all caused by the DEFENDANTS, and each of them.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Monell Claim: 42 U.S.C. § 1983**
**(Against Defendant Onondaga County)**

**Monell Claim: ONONDAGA COUNTY's Liability for Excessive Force**

29. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

30. At the time of MO's death, DEFENDANT ROSELLO and DOE OFFICERS were acting under color of all the laws and regulations of the State of New York and the COUNTY OF ONONDAGA. ONONDAGA COUNTY has a policy, custom, practice and pattern of conduct in place that enables it agents and employee police officers to act with deliberate indifference to the constitutional rights of individuals. This policy, custom, practice and pattern of conduct, includes, but is not limited to, tolerating misconduct by its police officers, encouraging misconduct by failing to adequately supervise, discipline and train its police officers.

31. PLAINTIFF asserts that ONONDAGA COUNTY is liable for any constitutional torts committed by the individual Defendant Police Officers because the ONONDAGA COUNTY maintains a custom, policy and pattern and practice of failing to exercise reasonable care in training, supervising and hiring its officers. Plaintiff further alleges that ONONDAGA COUNTY maintains a custom, policy, pattern and practice of inaction regarding disciplining police officers for constitutional violations; and a custom, policy, practice and pattern of failing to discipline their Police Officers for violating the constitutional rights of its citizens.

**COMPLAINT FOR DAMAGES**
- 9 -

Plaintiff also alleges that DEFENDANT ONONDAGA COUNTY SHERIFFS OFFICE has inadequate guidelines for conducting arrests, the use of force necessary for arrests, officer demeaner, and use of de-escalation tactics. The DEFENDANT ONONDAGA COUNTY SHERIFF'S OFFICE policy, custom, practice and pattern were a motivating factor causing a deprivation of MO's constitutional rights.

32. ONONDAGA COUNTY SHERIFF'S OFFICE has an urgent need for a clear policy regarding use-of force and racial profiling. Plaintiff requests a Declaratory Judgment that the DEFENDANT ONONDAGA COUNTY SHERIFF'S OFFICE's policy on use-of-force and racial profiling are inadequate and presents clear and present danger of deprivation of the constitutional rights of persons who have contact with the ONONDAGA COUNTY SHERIFF'S OFFICE.

33. Under Monell, local governments and their agencies can be sued as "persons" under § 1983 and may be liable where a government policy or custom gives rise to a constitutional deprivation. A "custom" does not require official sanction; instead, a custom "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."[4] Thus, the elements of a Monell claim include: 1) an official policy or custom that, 2) causes the plaintiff to be subjected to, 3) a deprivation of a constitutional right.[5]

34. An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice

---

[4] *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) To make a claim for municipal liability, it is not sufficient to allege merely conduct attributable to the municipality. *Id.* "A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id.

[5] *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1987).

so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; and (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees.[6]

35. The record of this case, based on investigation, research, complaints submitted to the ONONDAGA COUNTY SHERIFF'S OFFICE, as well as records, newspaper reports of claims of excessive use-of-force and racial profiling by the ONONDAGA COUNTY SHERIFF'S OFFICE shows a pattern, practice, custom and policy by in failing to respect, uphold and enforce the constitutional rights of the citizens of ONONDAGA COUNTY.[7] ONODAGA COUNTY's failure to discipline, train and supervise the police officers under their command has resulted in the excessive use-of-force and civil rights violations of MO, and many, many other law-abiding citizens of Onondaga County. Defendants' actions and inactions as the government officials responsible for establishing municipal policies related to discipline, training and supervising the ONONADAGA COUNTY SHERRIF'S OFFICE has been the motivating factors in the deprivations of MO's constitutional rights, as well as many other victims of police misconduct in ONONDAGA COUNTY.[8]

36. The ONONDAGA COUNTY SHERIFF's inactions, resulting in a policy of inaction, a policy of lack of supervision, and a policy of lack of training for his police officers in how to protect the constitutional rights of citizens was a direct and proximate cause of the violation of MO's constitutional rights as stated herein. The ONONDAGA COUNTY SHERIFFS' policy,

---

[6] *Dorsett-Felicelli v. C'nty of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005); *Pembaur v. Village of Cincinnati*, 475 U.S. 469, 483-84 (1986);  *Village  of Canton v. Harris*, 489 U.S. 378, 388 (1989)).
[7] https://youtu.be/ShcglOgJkmo
[8] 5:21-cv-01227-GLS-ATB *Acquah v. Onondaga County et al.*

custom and practice of inaction, lack of discipline and lack of training of his officers led DEFENDANT DOE OFFICERS to use excessive force against MO.

37. Evidence of the ONONDAGA COUNTY SHERIFF'S OFFICE's custom, policy practice of excessive force, racial profiling and failure to discipline its Deputies will be presented after discovery in this action.

38. There is ample evidence to create a jury question regarding whether, from the top down, the ONONDAGA COUNTY SHERIFF'S OFFICE took an unduly permissive attitude toward its officers' use-of-force prior to, and in the wake of, the incident..." *Hulett*, 2017 WL 2333712, at *25; see also *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir. 1986) ("whether or not the claims had validity, the very assertion of a number of such claims put the City on notice that there was a possibility that its police officers had used excessive force."). A reasonable jury could conclude that ONONDAGA COUNTY SHERIFF'S OFFICE "subordinate officers felt empowered to use force with relative impunity and that, as a result, used excessive force on plaintiff in this case." *Hulett v. City of Syracuse* 253 F. Supp. 3d 462, 500-502 (N.D.N.Y. 2017).

39. Therefore, DEFENDANTS SHELLEY and ONONDAGA COUNTY SHERIFF'S OFFICE are liable to DOMKOG MO, as administrator of the ESTATE of LUETH MO and MO, for directly and proximately causing violations of his United States Constitutional Rights and resulting in economic and non-economic damages.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**COMPLAINT FOR DAMAGES**

### THIRD CAUSE OF ACTION
**Violation of United States Civil Rights Laws**
**42 U.S.C. Section 1983:**
**Negligent Hiring, Training, Supervision & Retention**
**(Against Defendant Onondaga County)**

40.  PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

41. DEFENDANT ONONDAGA COUNTY maintains a custom, policy and pattern and practice of negligently failing to exercise reasonable care in training, supervising, disciplining and hiring its officers.

42. ONONDAGA COUNTY has a duty to conduct training, disciplining, hiring, retention, and supervision of its SHERIFFS OFFICE so its agents and employees will protect and serve, rather than violate the very laws, including the United States Constitution, that they are sworn to uphold. ONONDAGA COUNTY breached, and still breaches, this legally imposed duty by allowing its sheriff deputies to engage in lawless behavior and conduct, including terrorizing the citizens of Onondaga County.

43. PLAINTIFFS further allege that ONONDAGA COUNTY maintains a custom, policy, pattern and practice of inaction regarding the disciplining of police officers for excessive use of force; and a custom, policy, practice and pattern of failing to discipline its police officers for violating the constitutional rights of its citizens. PLAINTIFF also alleges that ONONDAGA COUNTY provides inadequate training regarding the lethal use of force, which fails to draw a bright line that clearly defines constitutional violations for lethal use of force policy. ONONDAGA COUNTY's policy, custom, practice and pattern were a motivating factor in causing a deprivation of PLAINTIFF's constitutional rights and causing all of their injuries, damages and harms.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. Sections 1983**
**Assault and Battery**
**(Against Defendant John Rosello)**

44. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

45. PLAINTIFF alleges that Defendant Sheriff's Deputy JOHN ROSELLO assaulted and battered the decedent, Lueth Mo. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for assault and battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim."[9]  Defendant ROSELLO used unreasonable force against MO. The undisputed facts are that Defendant ROSELLO assaulted and battered MO, causing him to die, as alleged above. DEFENDANT ROSELLO's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of MO. DEFENDANT ROSELLO's  conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**STATE CLAIMS**

**FIFTH CAUSE OF ACTION**
**Violation New York State Law**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

---

[9] *Marmelstein v. Kehillat New Hempstead, 45 A.D.3d 33, 841 N.Y.S.2d 493, 499 (2007).*

**COMPLAINT FOR DAMAGES**

46. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

47. Under New York law, "to prevail on a cause of action for intentional infliction of emotional distress, a plaintiff must prove four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard for the substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress."

48. DEFENDANT ROSELLO inflicted objectively excessive and unreasonable lethal use-of-force tactics upon MO, thereby causing him severe emotional and physical injuries that resulted in his death. ROSELLO's unreasonable, unwarranted and knee jerk deployment of his firearm without cause or fear for his own serious bodily harm can most reasonably be construed as extreme and outrageous conduct that should not be tolerated in a civilized society and is not tolerated in our society by police officers who serve as public servants.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### Violation New York State Law
### Negligent Training, Hiring, Retention, Discipline & Supervision
### (Against All Defendants)

49. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

50. DEFENDANT ONONDAGA COUNTY maintains a custom, policy, pattern and practice of negligently failing to exercise reasonable care in training, supervising and hiring its officers.

51. DEFENDANT ONNDAGA COUNTY has a duty to conduct training, hiring, retention, and supervision of its deputy sheriffs in order that they, as County agents and employees, will protect and serve, rather than violate the very laws and rights, including the United States Constitution, that they are sworn to uphold. DEFENDANT ONONDAGA COUNTY

breached, and still breaches this legally imposed duty by allowing its sheriff deputies to engage in lawless behavior and conduct, including terrorizing the citizens of Onondaga County.

52. PLAINTIFF further alleges that ONONDAGA COUNTY maintains a custom, policy, pattern and practice of inaction regarding the disciplining of police officers for excessive force, false arrests, illegal seizures, racial profiling, and providing medical care; and a custom, policy, practice and pattern of failing to discipline its Police Officers for violating the constitutional rights of its citizens. PLAINTIFF also alleges that the ONONDAGA COUNTY SHERIFFS OFFICE has an inadequate policy, which does not clearly draw a bright line defining constitutional violations for excessive force, false arrests, racial profiling, and providing medical care. DEFENDANT ONONDAGA COUNTY's policy, custom, practice and pattern were a motivating factor in causing a deprivation of MO's constitutional rights and causing all of his injuries, damages and harms.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### Violation New York State Law
### Assault
### (Against All Defendants)

53. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

54. PLAINTIFF alleges that DEFENDANTS assaulted him. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for assault] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim." DEFENDANTS used unreasonable force against MO.

55. The undisputed facts are that DEFENDANTS assaulted MO, causing him permanent damages and death as hereinabove alleged. DEFENDANT's conduct was intentional, malicious,

fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of MO. Defendants' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**Violation New York State Law**
**Battery**
**(Against Defendants)**

56. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

57. PLAINTIFF alleges that DEFENDANTS battered him. "[T]he test for whether a plaintiff can maintain . . . a cause of action against law enforcement officials [for battery] is whether the force used was 'reasonable,' the exact same test as the one used to analyze a Fourth Amendment excessive force claim." DEFENDANTS used unreasonable force against MO.

58. The undisputed facts are that DEFENDANTS assaulted and battered MO, causing him permanent damages as hereinabove alleged. DEFENDANT's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of MO. DEFENDANT's conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**Violation New York State Law**
**Wrongful Death**
**(Against Defendants)**

59. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

**COMPLAINT FOR DAMAGES**

60. The incident, injuries, and damages to the decedent, Lueth Mo, resulting therefrom were caused solely by the negligence of the DEFENDANTS without any comparative fault of the PLAINTIFF.

61. DEFENDANTS were negligent, grossly negligent, careless and reckless in the performance of their job, duties, management, entrustment, and/or use of the aforesaid service weapon in violation of laws, statutes, policies and ordinances. DEFENDANTS engaged in negligent, grossly negligent, and reckless conduct by: failing to use the reasonable duty of care expected from a police officer empowered by the laws of the State of New York and Onondaga County; in failing to exercise due care and caution to exercise the care expected of a police officer to avoid using lethal force unless absolutely necessary; in failing to observe that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; and was otherwise negligent, careless and reckless.

62. The limited liability provisions of CPLR§1601 do not apply pursuant to one or more of the exceptions of CPLR§1602.

63. The decedent MO, as survived by his parents and siblings, all of whom were dependent upon decedent for support, future support, love and affection and in every way a member of the family is expected to be a support to their other family members, and were, prior to the death of the decedent, being supported by him, and expected to be supported in the future by him, in a manor, befitting the family of person of the decedent's age, means and future potential.

64. At the time of his death, decedent was 15 years of age, in good health, of good habits, able, intelligent and capable of earning a substantial future income. Decedent was a full-time student. Decedent, in the future, would have accumulated a substantial estate for his family, had he not died as a result of the shooting on September 6, 2023.

**COMPLAINT FOR DAMAGES**

65. By reason of the DEFENDANT ROSELLO's negligence, gross negligence, carelessness and recklessness, decedent MO experienced severe shock, fright, terror, pain and suffering from the time the DEFENDANT ROSELLO began to shoot his service weapon into the motor vehicle for which MO was a passenger at approximately 6:17 AM on September 6, 2023, until the time of his death.

66. Aforesaid shock, fright, terror, pain and suffering were caused solely by the reason of the DEFENDANTS' negligence and gross negligence.

67. By reason of DEFENDANTS' negligence, gross negligence, carelessness and recklessness, decedent suffered pain and suffering as well as death.

68. As a direct result of the DEFENDANTS' improper actions, the decedent's family have been deprived of decedent's support and maintenance, advise, guidance and counsel all to their damage and pecuniary loss.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### TENTH CAUSE OF ACTION
**Violation New York State Law**
**Punitive Damages**
**(Against Defendants)**

69. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

70. PLAINTIFF seeks punitive damages for the protection of the community against DEFENDANTS in the amount of $36,000,000 per each DEFENDANT.

### ELEVENTH CAUSE OF ACTION
**Violation New York State Law**
**Respondeat Superior**
**(Against Defendants)**

**COMPLAINT FOR DAMAGES**

71. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

72. PLAINTIFF claims that the ONONDAGA COUNTY is liable under the theory of respondeat superior for DEFENDANT ROSELLO and DOE OFFICERS' excessive force, assault and battery and wrongful death violations of MO's state and federal Constitutional rights and other violations of PLAINTIFFS' rights. Municipalities may be held vicariously liable for state law torts committed by police officers under a theory of respondeat superior. *See Williams v. Village of White Plains,* 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010). Therefore, the respondeat superior claim against ONONDAGA COUNTY regarding DEFENDANT ROSELLO and DOE OFFICERS is a valid claim, establishing liability against ONONDAGA COUNTY.

## PRAYER FOR RELIEF

1.    For special and economic damages, including lost future wages, for all claims

2.    For general and non-economic damages for all causes of action;

3.    For damages against all DEFENDANTS, individually and severally for physical, psychological, emotional injuries including but not limited to, conscious pain and suffering, imminent fear of death, wrongful death, nightmares, insomnia, anxiety, post-traumatic stress, mental and emotional distress, humiliation, fear, and discomfort, loss of enjoyment of life, inconvenience and protractive suffering, destruction of earning capacity, punitive damages, exemplary damages, and any and all compensatory damages, both present and future, and other damages, injuries, and consequences that are found to be related to the incidents alleged, and any other damages permitted by law, all caused by the DEFENDANTS, and each of them, as claimed herein,

**COMPLAINT FOR DAMAGES**

4.    For punitive damages of $36,000,000.00  for all claims against DEFENDANT
      ROSELLO and DOE OFFICERS, in their individual capacity for the protection of
      the public;

5.    For pre-judgment and post-judgment interest at the prevailing legal rate;

6.    For costs of the suit including reasonable attorney's fees;

7.    An order declaring that DEFENDANT ROSELLO and DOE OFFICERS used
      excessive force against MO.

8.    An order declaring that ONONDAGA COUNTY SHERIFF'S OFFICE has
      inadequate policies and procedures to prevent Excessive Force and Racial
      Profiling to protect the constitutional rights of individuals and citizens who come
      in contact with members of the ONONDAGA COUNTY SHERIFF'S OFFICE.

9.    For such other and further relief, including injunctive relief, as the Court may
      deem proper.

Dated: December 19, 2023                    RESPECTFULLY SUBMITTED,


                                            *Jesse P. Ryder*
                                            RYDER LAW FIRM
                                            Jesse P. Ryder, Esq.
                                            6739 Myers Road
                                            East Syracuse, NY 13057
                                            Tel: (315) 382-3617
                                            Fax: (315) 295-2502
                                            ryderlawfirm@gmail.com

                                            ATTORNEYS FOR PLAINTIFF

**COMPLAINT FOR DAMAGES**